IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sheralet P. Taylor,<br><br>   Plaintiff<br> v.<br><br>Lexington County Sheriff's Department &<br>Lexington County Detention Center,<br><br>   Defendants. | C/A. No. 3:18-cv-2579-CMC<br><br><br><br>**Opinion and Order** |

  Through this action, Plaintiff Sheralet P. Taylor ("Plaintiff") seeks recovery from her former employers, Lexington County Sheriff's Department and Lexington County Detention Center ("Defendants"), alleging state law claims for breach of contract, workers' compensation retaliation, and wrongful discharge in violation of public policy, as well as a violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d). ECF. No. 1-1.[1] The matter is before the court on Defendants' Motion for Summary Judgment, filed July 3, 2019. ECF No. 34. Plaintiff filed her response in opposition on July 17, 2019. ECF No. 36. Defendants filed a reply. ECF No. 37.

  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On October 11, 2019, the Magistrate Judge issued a Report recommending Defendants' motion for summary judgment be granted as to all claims. ECF No. 45. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed

---

[1] This case was originally filed in the Lexington County Court of Common Pleas but was removed to this court after Plaintiff added her Equal Pay Act claim. ECF No. 1.

her objections on November 1, 2019. ECF No. 49. Defendants filed a reply. ECF No. 50. This matter is now ripe for resolution.

After conducting a *de novo* review as to the objections made, and considering the record, the applicable law, and the Report of the Magistrate Judge, the court adopts the Report. For the reasons below, the court grants summary judgment on all claims.

I. **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Summary Judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the district court must "view the evidence in the light most favorable to the nonmoving party." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 (4th Cir. 2015) (citing *Tolan v. Cotton*, 134 S.Ct. 1861, 1868 (2014) (per curiam)). "Summary Judgment cannot be granted merely because the court believes that the movant will

prevail if the action is tried on the merits." *Id.* Therefore, the court cannot weigh the evidence or make credibility determinations. *Id.* at 569. The district court may not "credit[] the evidence of the party seeking summary judgment and fail[] properly to acknowledge key evidence offered by the party opposing that motion." *Id.* at 570. However, a party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

## II. <u>Discussion</u>

The Magistrate Judge recommended dismissal of all claims: on the Equal Pay Act claim due to expiration of the statute of limitations, and on the state law claims because Plaintiff did not produce evidence establishing she was constructively discharged. ECF No. 45 at 4. Specifically, regarding the Equal Pay Act claim, the Magistrate Judge determined the general two-year statute of limitations applies because the record does not permit a finding of willfulness required to trigger the three-year statute of limitations. *Id.* As to the state law claims, because constructive discharge is a required element of all claims, Plaintiff's failure to establish it renders those claims subject to dismissal. *Id.* at 4-6.

Plaintiff objects to both conclusions. ECF No. 49. She contends Defendants' violations of the Equal Pay Act were willful and therefore the three-year statute of limitations should apply. *Id.* at 4. She also objects to the conclusion she was not constructively discharged, arguing she has shown "a pattern and practice of the Defendant . . . to drive her out of her job." *Id.* at 5. She contends there are issues of fact from which a jury could find she was "subjected to an objective

3

level of intolerable treatment." *Id.* at 7. Therefore, she requests the court deny the summary judgment motion and set the case for trial.

Defendants contend Plaintiff failed to forecast evidence showing Defendants willfully paid her less than her proffered male comparators; therefore, the Equal Pay Act claim is untimely. ECF No. 50. In addition, Defendants argue the facts asserted by Plaintiff in support of constructive discharge fail to meet the required standard, and that her request for retirement was "related to her physical limitations as opposed to any emotional or stress issues related to the alleged conduct of Defendants." *Id.* at 4. Defendants therefore ask the court to adopt the Report and grant summary judgment.

    a. *Equal Pay Act claim*

In support of her Equal Pay Act claim, Plaintiff has submitted three affidavits: one from herself and two from co-workers, Matthews and Whitty. ECF Nos. 36-2, 36-4, 36-5. These affidavits include statements that Plaintiff was subjected to lower pay that her similarly situated male colleagues, but do not provide any information regarding what the pay for any individual was, what their respective duties and responsibilities were, and how they were comparators to Plaintiff. *See Strag v. Board of Trustees, Craven Community College*, 55 F.3d 943, 948 (4th Cir. 1995) ("This Court has held that in order to establish a *prima facie* case under the Equal Pay Act, the plaintiff bears the burden of showing that she (1) receives lower pay than a male co-employee (2) for performing work substantially equal in skill, effort, and responsibility under similar working conditions. The comparison must be made *factor by factor with the male comparator*.")

(emphasis added). The court therefore agrees with the Magistrate Judge these statements are conclusory and fail to make out a prima facie case under the Equal Pay Act.[2]

Further, even assuming *arguendo* these statements are sufficient evidence of an Equal Pay Act claim, they are nonetheless insufficient to establish a willful violation of the Equal Pay Act, as necessary to trigger the three-year statute of limitations. The affidavits contain no allegation of knowledge or reckless disregard by Defendants regarding the alleged unequal pay or facts by which the court could infer a willful violation. Accordingly, Plaintiff's Equal Pay Act claim was filed outside the applicable two-year statute of limitations and is dismissed as untimely.

  b. *State Law Claims*

Plaintiff agrees the threshold issue regarding her state law claims is whether she was constructively discharged from her employment when she retired. ECF No. 49 at 4. She contends Defendants' conduct towards her was so egregious that it effectively separated her involuntarily. *Id.* at 5. She lists several examples of "extreme mistreatment and harassment," including "heckling by her supervisors," increased job duties in retaliation, greater duties for less pay than male employees, demotion, increased work hours, and pretextual discipline and write-ups, all in retaliation for Plaintiff's "reports of Defendants' unlawful treatment of inmates and her workers' compensation claims." *Id.* at 5-6.

Plaintiff, however, fails to refute controlling case law cited in the Report holding "dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign."

---

[2] The court disagrees this determination wades into the province of the jury, as it has not weighed competing evidence but concluded Plaintiff has failed to establish a *prima facie* case.

5

ECF No. 45 at 5 (citing *Williams v. Giant Food Inc.*, 370 F.3d 423, 434 (4th Cir. 2004)). The court does not doubt Plaintiff found her working conditions difficult or unpleasant. However, the "conditions, while no doubt frustrating and unpleasant to [the plaintiff], cannot, from an objective perspective, be construed to leave her no choice but to resign." *Evans v. International Paper Company*, 936 F.3d 183, 194 (4th Cir. 2019); *see also Williams*, 370 F.3d at 434 (working conditions not intolerable when "supervisors yelled at employee, told her she was a poor manager, gave her poor performance evaluations, chastised her in front of customers, and once required her to work with an injured back"). Further, as noted by the Magistrate Judge, Plaintiff filed for disability retirement approximately eight months before actually retiring. *See* ECF Nos. 37-1 at 3 (dated October 7, 2015 and noting Plaintiff had applied for disability retirement); 34-9 (intent to retire letter dated May 17, 2016 and setting last day of work as June 5, 2016). This advance notice highlights Plaintiff's choice to remain in her position despite the unpleasant conditions and further persuades the court her retirement was not a constructive discharge.

The court agrees with the Magistrate Judge the working conditions described by Plaintiff do not rise to the level of a constructive discharge. Therefore, her state law claims relating to her employment fail. Summary judgment is appropriate, and the claims are dismissed.

### III. Conclusion

Having conducted a *de novo* review of the Report and underlying motion and related memoranda where necessary, and having fully considered Plaintiff's objections and Defendants' response, the court adopts the Report. Defendants' motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 9, 2019